**TIFFANY & BOSCO**
P.A.

MEGAN E. LEES (SBN 277805)
mel@tblaw.com
ROBERT P. ZAHRADKA (SBN 282706)
rpz@tblaw.com
1230 Columbia Street, Suite 680
San Diego, CA 92101
Tel.: (619) 501-3503

Attorneys for CitiMortgage, Inc.
Movant File No. 18-80014

Signed and Filed: July 12, 2018

HANNAH L. BLUMENSTIEL
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>Timothy James Neher aka Timothy Neher aka Timothy J Neher,<br><br>    Debtor. | Bankruptcy No.: 17-31070-HLB<br><br>Chapter: 13<br><br>R.S. No. MEL-054<br><br>**ORDER GRANTING RELIEF FROM STAY AND CO-DEBTOR STAY AFTER DEFAULT UNDER ORDER ON STIPULATION GRANTING ADEQUATE PROTECTION**<br><br>DATE: February 8, 2018<br>TIME: 1:00 p.m.<br>CTRM: 19<br>PLACE: 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102 |

    An Order granting CitiMortgage, Inc. ("Movant") Adequate Protection, having been entered on the Court's docket on February 12, 2018 (the "Order"), regarding the real property of Timothy James Neher aka Timothy Neher aka Timothy J Neher, ("Debtor") commonly known as 411 Hobran Lane, Honolulu, HI 96815, which is legally described as follows:

**SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT A**

The Debtor having defaulted on the payments required under the Order, the Court having considered the documentary evidence before it, and good cause appearing therefor,

IT IS HEREBY ORDERED:

1. The automatic stay of 11 U.S.C. § 362 and the co-debtor stay of 11 U.S.C. §1201(a) or §1301(a) are hereby terminated as it applies to the enforcement by Movant of all of its rights in the Property under Note and Deed of Trust, and pursuant to applicable state law;

2. Movant is authorized to foreclose its security interest in the Property under the terms of the Note and Deed of Trust, and pursuant to applicable state law;

3. The 14-day stay provided by Bankruptcy Rule 4001 (a)(3) is waived;

4. Upon foreclosure, in the event Debtor fails to vacate the Property, Movant may proceed in state court for unlawful detainer pursuant to applicable state law;

5. Movant may offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtor. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case;

6. Upon entry of this Order, the Chapter 13 Trustee shall cease making payments in regard to Movant's claim filed in this bankruptcy case; and

7. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

\*\*END OF ORDER\*\*

# COURT SERVICE LIST

Case: 17-31070    Doc# 74    Filed: 07/12/18    Entered: 07/12/18 13:04:14    Page 4 of 6

**EXHIBIT "A"**

# EXHIBIT A

Item I:

That certain Apartment Lease, dated September 23, 1975, by and between CTT, Inc., a Hawaii corporation, as Lessor, and Norman Chu and Leona Patricia Chu, husband and wife, as Lessee, recorded in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Land Court Document No. 738986, and noted on Transfer Certificate of Title No. 418,865, herein called the ("Apartment Lease"), which Apartment Lease, was assigned to Norman Chu and Leona Patricia Chu, Trustees under unrecorded Norman Chu Trust dated January 20, 1987, by instrument dated January 13, 1993, recorded in said Office as Land Court Document No. 2007742, and which Apartment Lease demises property more particularly described as follows:

All the premises comprising a portion of the **"CHATEAU WAIKIKI"**, a Condominium Property Regime (herein called the "Project"), consisting of that certain parcel of land situate at Kalia, Waikiki, Honolulu, City and County of Honolulu, State of Hawaii, as described in the Declaration of Horizontal Property Regime hereinafter referred to (which description is incorporated herein by reference), and the improvements and appurtenances thereof, all as described in and established by Declaration of Horizontal Property Regime, dated May 14, 1974, recorded in said Office as Land Court Document No. 681202, as the same has been and may hereafter be further amended (herein called the "Declaration"), described as follows:

First: Apartment No. 3204 (herein called the "Apartment"), as shown on the plans of the Project filed in said Office as Condominium Map No. 208 and any amendments thereto (herein called the "Condominium Map").

Together with the following appurtenant easements:

(A) An exclusive easement(s) to use the Parking Space(s) designated on said Condominium Map as No(s). 6 (Deck 2).

(B) Non-exclusive easements in the common elements designed for such purposes for ingress to, egress from, utility services for and support of the Apartment; in the other common elements for use according to their respective purposes, and in all other apartments of the building for support.

Second: An undivided 0.2241% interest in all common elements of the Project as established for the Apartment by the Declaration or such other fractional or percentage interest as hereafter established for the Apartment by any amendment of the Declaration, as tenant in common with the other owners of the Project.

Together with any other easements set forth in the Apartment Lease.

Together also with all of the Assignor's estates, rights, title and interests, as lessor, landlord and owner, in and to any tenant leases, rental management contracts, and short term vacation rental reservations, affecting the premises described herein.

Subject, however, to the following encumbrances:

1. Designation of Easement "20", as redesignated by Land Court Order No. 8526, filed September 15, 1948.

25

2. Designation of Easements for sewer purposes in favor of the City and County of Honolulu, over, across, upon and under Easement "20" over Lot 122, as shown on Maps 21 and 52, as set forth in Deed dated August 8, 1947, recorded in said Office as Land Court Document No. 94208.

3. Designation of Easement "23" for roadway purposes, as shown on Map 52, as set forth by Land Court Order No. 38805, filed December 7, 1973.

4. A perpetual right of way for ingress and egress over, upon, across and along Easement "23" as an easement appurtenant to Lot 61, as set forth by Land Court Order No. 38805, filed December 7, 1973.

5. The restrictions, reservations, covenants, conditions, agreements, obligations, terms, provisions and easements set forth in the Declaration and in the By-laws attached thereto, as the same have been and may hereafter be further amended.

6. The terms and provisions, including the failure to comply with any covenants, conditions and reservations, contained in Apartment Lease.

7. Any tenant leases, rental management contracts, and short term vacation rental reservations, affecting the above described premises.

Item II:

All built-in furniture, attached existing fixtures, built-in appliances, water heater, electrical and/or gas and plumbing fixtures, attached carpeting, air conditioner, dishwasher, disposal, dryer, existing window coverings, range, refrigerator, TV cable outlet and washer, all located on and/or used in connection with the premises described in Item I above.

Being the property conveyed to **TIMOTHY JAMES NEHER and MICHELLE FRANCES NEHER, husband and wife**, as Tenants by the Entirety by Assignment of Apartment Lease dated MAY 14th , 2002 filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. 2809243 described in Transfer Certificate of Title No. 645536.

**END OF EXHIBIT "A"**